[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16767
Non-Argument Calendar

_____

D.C. Docket No. 3:13-cv-00891-MMH-JBT

JOHN F. HOOKS,

Plaintiff - Appellant,

versus

GEICO GENERAL INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2017)

Before MARCUS, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Donald Hollenbeck sued John Hooks for injuries suffered in an automobile accident. GEICO General Insurance Company, which had issued a policy to Mr. Hooks providing him with liability coverage in the amounts of $25,000 per person and $50,000 per occurrence, did not settle Mr. Hollenbeck's claim against Mr. Hooks. Mr. Hollenbeck later obtained a verdict of just over $2 million against Mr. Hooks.

Mr. Hooks then sued GEICO for bad faith in not settling the claim of Mr. Hollenbeck. After a five-day trial, a federal jury rendered a defense verdict, finding that GEICO did not act in bad faith in failing to settle Mr. Hollenbeck's claim. Following the district court's denial of his Rule 59(a) motion for a new trial, which was based in relevant part on alleged evidentiary errors, Mr. Hooks appeals.

We review the district court's denial of a new trial for abuse of discretion. *See, e.g.*, *Overseas Private Inv. Corp. v. Metro. Dade Cty.*, 47 F.3d 1111, 1113 (11th Cir. 1995); *Burger King Corp. v. Mason*, 710 F.2d 1480, 1489 (11th Cir. 1983). The same standard applies to the district court's evidentiary rulings. *See, e.g.*, *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005). Under this deferential standard of review, we do not find any reversible error.

Mr. Hooks argues first that the district court erred in excluding portions of the testimony of GEICO's adjusters about their knowledge and understanding of

2

the duty of good faith.  Employees can sometimes testify as to industry standards without becoming expert witnesses, *see, e.g.*, *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1222–23 (11th Cir. 2003), and the district court here recognized that an adjuster's knowledge about applicable duties is sometimes admissible.  The district court, however, concluded that the testimony in question by the adjusters constituted impermissible legal opinions on the parameters of Florida bad faith law, and as a result its probative value did not outweigh the potential for prejudice and confusion.  *See* D.E. 170 at 13–14.

Aside from a conclusory sentence in his brief, *see* Br. for Appellant at 35, Mr. Hooks does not try to explain why the excluded testimony—given the way certain questions were phrased—did not constitute impermissible legal opinions. As a result, there is no basis for reversal.

Next, Mr. Hooks contends that the district court erred in admitting the testimony of Scott Jones, GEICO's corporate representative.  According to Mr. Hooks, the district court should not have allowed Mr. Jones to testify because GEICO did not list him as a corporate representative in its Rule 26 disclosures, and this failure prevented him from obtaining discovery.  But, as the district court explained, Mr. Hooks did not object to Mr. Jones at the pretrial conference, and waited until the middle of trial to challenge him as a corporate representative.  And when the district court asked Mr. Hooks' counsel whether there was anything in

3

Mr. Jones' testimony that he could not have anticipated based on GEICO's Rule 26 disclosures, counsel said no.   In other words, Mr. Hooks was aware of the substance of Mr. Jones' testimony.

The district court ruled that any error in allowing Mr. Jones to testify as the corporate representative for GEICO was harmless under Rule 37(c)(1).  *See* D.E. 170 at 18–19.  Mr. Hooks argues that he suffered prejudice because the factual disputes were close and the issues were highly contested, *see* Appellant's Br. at 53, but he does not deny that he had notice of the areas that Mr. Jones testified about. Under the circumstances, any error in allowing Mr. Jones to testify did not affect Mr. Hooks' substantial rights.  *See* 28 U.S.C. § 2111; *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248 (11th Cir. 2014).

**AFFIRMED.**

4